OPINION OF THE COURT
David B. Vaughan, J.
Defendants Cantor Fitzgerald Securities, doing business as Cantor Fitzgerald Partners, and Al Poto (collectively referred to as defendants) move pursuant to CPLR 7503 (a) and 9 USC § 3 for an order staying this action pending the submission to and completion of arbitration of all of plaintiff Hugh Hamilton’s subject claims pursuant to the rules of the National As *1011 sociation of Securities Dealers, Inc. (NASD), and compelling arbitration before the NASD. Hamilton cross-moves for an order pursuant to CPLR 7503 (b) permanently staying any arbitration before the NASD, or any other tribunal, upon the ground that plaintiff never agreed to an arbitration of his dispute with defendants.
On or about January 19, 1993, plaintiff entered into an employment contract with defendant Cantor Fitzgerald. Hamilton was hired as a securities broker in the municipal bond department with the title of Senior Vice-President. In connection with his employment, Hamilton completed and signed two forms U-4 “Uniform Application for Securities Industry Registration of Transfer”. One was dated January 21, 1993, for Cantor Fitzgerald Partners, and the second was dated January 28, 1993, for Cantor Fitzgerald Securities. Hamilton signed each of these forms below the admonition which read “the applicant MUST READ THE FOLLOWING VERY CAREFULLY * * * I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations indicated in Item 10 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgement in any court of competent jurisdiction.”
On or about June 27, 1994, Cantor Fitzgerald terminated Hamilton’s employment because of his alleged violation of company policy. Then, on or about August 5, 1994, Cantor Fitzgerald filed a form U-5 “Uniform Termination for Securities Industry Regulation” and other appropriate notifications with the NASD. Cantor Fitzgerald, pursuant to an agreement dated October 14, 1995, reinstated Hamilton’s employment as an at-will employee for Cantor Fitzgerald Securities. Cantor Fitzgerald Securities terminated Hamilton’s employment in or about July 1996. The new agreement failed to include an arbitration clause.
Hamilton brought this action against defendants on the basis that he was working in a hostile and discriminatory work environment based upon his religion during his employment at Cantor Fitzgerald, and claimed that this was in violation of the New York State Human Rights Law. This lawsuit pertains to the period of time that he worked pursuant to the agreement without the arbitration clause.
An agreement to arbitrate will not be established by mere implication. “It has long been the rule in this State that the *1012 parties to a commercial transaction ‘will not be held to have chosen arbitration as the forum for the resolution of their disputes in the absence of an express, unequivocal agreement to that effect; absent such an explicit commitment neither party may be compelled to arbitrate’ ” (Matter of Marlene Indus. Corp. [Carnac Textiles], 45 NY2d 327, 333 [citations omitted]).
Accordingly, defendants’ motion is denied; plaintiff’s cross motion is granted, and the arbitration requested herein is permanently stayed.